IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERALD L. KEMP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0956-R |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gerald L. Kemp seeks judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* For the reasons stated herein, the hearing decision should be affirmed.

I.

Plaintiff alleges that he is disabled due to back pain, obesity, diabetes, and depression. After his application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on October 6, 2004. At the time of the hearing, plaintiff was 45 years old. He has a high school diploma with two years of college and past work experience as a production assistant in the semiconductor industry. Plaintiff has not engaged in substantial gainful activity since July 25, 1998.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from low back pain, diabetes mellitus, and depression, the judge concluded that the severity of those impairments

did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a significant range of sedentary work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a small parts inspector, a clerical helper, or an assembler -- jobs that exist in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## II.

In two grounds for relief, plaintiff contends that: (1) the ALJ failed to apply the correct legal standard in implicitly finding that his obesity is not a severe impairment; and (2) the assessment of his mental residual functional capacity is inconsistent with applicable legal standards and not supported by substantial evidence.

### A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant

is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff first contends that the ALJ used the wrong legal standard in implicitly finding that his obesity was not a severe impairment. The applicable social security regulation provides:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.

20 C.F.R. § 404.1520(c). Notwithstanding the plain language of this regulation, the Fifth Circuit has held that a literal application of section 404.1520(c) would exclude far more claimants than the statute intended. *See Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000), *citing Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). As a result, "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be

expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101, *quoting Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984). If the ALJ does not set forth the correct standard by reference to *Stone* or by an express statement recognizing the proper construction of the regulation, the court must presume that an incorrect standard has been applied and remand the claim to the Commissioner for reconsideration. *Loza*, 219 F.3d at 393; *Stone*, 752 F.2d at 1106; *Eisenbach v. Apfel*, No. 7-99-CV-186-BC, 2001 WL 1041806 at *6 (N.D. Tex. Aug. 29, 2001).

Although the administrative record is replete with evidence that plaintiff is obese, (*see* Tr. at 151-56, 198-200),[1] the ALJ did not discuss or even mention obesity in the hearing decision. Nor did the judge cite *Stone* or any case of similar import. Despite this oversight, the ALJ applied the correct legal standard at step two of the sequential evaluation process in implicitly finding that plaintiff's obesity was not severe. The judge defined a severe impairment as "one which would have more than a slight effect on [the claimant's] ability to engage in those basic work-related activities set forth in 20 C.F.R. § 404.1521(b)." (Tr. at 12E). It is clear from this definition that the ALJ recognized the essential holding of *Stone*--that a severe impairment need not be strong, but only more than slight, and must affect the claimant's ability to work. Indeed, the Fifth Circuit has used almost identical language to describe the severity standard in recent cases. *See, e.g. Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289 at *4 (5th Cir. Aug. 19, 2005) ("An impairment or combination of impairments is severe if it has more than minimal effect on the claimant's physical or mental ability to do basic work activities."). *Cf. Loza*, 219 F.3d at 392 (remand required where ALJ considered whether impairment affected "activities of daily living" rather than "ability to work").

---

[1] The record shows that plaintiff carries close to 300 pounds on his 5' 8" frame. (*See, e.g.* Tr. at 200). This should have been sufficient to trigger an independent inquiry by the ALJ as to whether plaintiff's obesity was a disabling impairment. *See Rutherford v. Barnhart,* 399 F.3d 546, 553 (3d Cir. 2005) (evidence that plaintiff stood 5' 2" tall and weighed 245 pounds sufficed to alert ALJ that obesity was an issue).

Moreover, plaintiff fails to explain how a remand for explicit consideration of the obesity issue would affect the outcome of the case. Notably, plaintiff does not specify how his obesity further impaired his ability to work. Rather, his entire argument is predicated on the ALJ's failure to cite or reference the *Stone* severity standard. In rejecting a similar claim, the Third Circuit stated:

> We . . . conclude that a remand is not required here because it would not affect the outcome of the case. Rutherford never mentioned obesity as a condition that contributed to her inability to work, even when asked directly by the ALJ to describe her impairments. So even if we assume--in accordance with common sense--that the administrative record's evidence of Rutherford's 5'2" height and her weight of some 245 pounds sufficed to alert the ALJ that obesity could be a factor, Rutherford has not specified how that factor would affect the five-step analysis undertaken by the ALJ, beyond an assertion that her weight makes it more difficult for her to stand, walk, and manipulate her hands and fingers. That generalized response is not enough to require a remand, particularly when the administrative record indicates clearly that the ALJ relied on voluminous medical evidence as a basis for his findings regarding her limitations and impairments. Because her doctors must also be viewed as aware of Rutherford's obvious obesity, we find that the ALJ's adoption of their conclusions constitutes a satisfactory if indirect consideration of that condition.

*Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). Like *Rutherford*, plaintiff never mentioned obesity as a condition that affected his ability to work. (*See* Tr. at 36, 272). Nor does plaintiff attempt to explain how his obesity interferes with his ability to engage in basic work activities. Presumably, plaintiff's doctors were aware of his obesity and took that condition into account when assessing the nature and extent of his impairments--medical opinions that were considered by the ALJ in making his disability determination. Under these circumstances, remand is not required. *See also Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (failure of ALJ to address obesity in hearing decision does not require remand absent proof of impairment due to obesity); *Busse v. Barnhart*, No. 05-1316-JTM, 2006 WL 2264007 at *4 (D. Kan. Jul. 24, 2006) (same); *Adams v. Barnhart*, No. 04-2051, 2005 WL 1313456 at *2 (E.D. Pa. May 31, 2005) (same).

C.

Plaintiff further argues that the assessment of his mental residual functional capacity is inconsistent with applicable legal standards and not supported by substantial evidence. In particular, plaintiff criticizes the ALJ for: (1) rejecting the opinions of a state agency consultant; and (2) failing to properly assess the functional limitations attributable to his depression.

1.

On January 16, 2004, plaintiff was examined by Dr. Stephanie L. Judice, a board-certified psychiatrist, who completed a mental residual functional capacity assessment. Dr. Judice rated plaintiff as "moderately" limited in his ability to: (1) understand and remember detailed instructions; (2) carry out detailed instructions; (3) maintain attention and concentration for extended periods; (4) perform activities within a schedule, maintain regular work attendance, and be punctual within customary tolerances; (5) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (6) interact appropriately with the general public; (7) accept instructions and respond appropriately to criticism from supervisors; (8) get along with co-workers or peers without distracting them or exhibiting behavioral extremes; and (9) set realistic goals or make plans independently of others. (Tr. at 241-42). Despite these limitations, the ALJ found that plaintiff had the residual functional capacity for the full range of sedentary work, limited only by certain physical restrictions and the inability to:

> 1.  maintain fixed concentration and attention for periods of longer than 30 minutes without the opportunity to briefly refocus for a minute or two and come back to fixed concentrations;
>
> 2.  understand, remember, and carry out more than simple instructions; and

> 3. have more than superficial interaction with the public more than occasionally.

(*Id.* at 12G). Plaintiff argues that the "unexplained rejection" of Dr. Judice's opinions regarding his other mental limitations requires a remand.

The social security regulations require an ALJ to examine a variety of factors in evaluating medical opinions from various sources. *See* 20 C.F.R. § 404.1527(d). Among these factors are the examining relationship, the nature and extent of the treatment relationship, support provided by other evidence, consistency with the record, and specialization of the medical source. *Id.* Although the ALJ must specifically address each factor when he declines to give "controlling weight" to a *treating source* opinion, nothing in the regulations requires the judge to recite this litany when rejecting a *consulting source* opinion. *Cf. id.* § 404.1527(d)(2) (opinion of treating source cannot be rejected absent good cause for reasons clearly articulated in hearing decision); *see also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). Rather, the ALJ need only consider the consulting source opinion and give appropriate explanations for accepting or rejecting it. SSR 96-5p, 1996 WL 374183 at *5 (SSA Jul. 2, 1996); *see also* SSR 96-6p, 1996 WL 374180 at *2 (SSA Jul. 2, 1996) (although not bound by the opinions of state agency consultants, an ALJ "may not ignore these opinions and must explain the weight given to the opinions in their decisions"); 20 C.F.R. § 404.1527(f). *Gomez v. Barnhart*, No. SA-03-CA-1285-XR, 2004 WL 2512801 at *2 (W.D. Tex. Nov. 5, 2004) (ALJ complies with regulations if resulting decision reflects that consideration was given to medical consultant's opinion).

Here, it is clear that the ALJ complied with the regulations and considered Dr. Judice's opinions. Although Dr. Judice rated plaintiff as "moderately limited" in nine areas, she concluded that plaintiff was capable of performing work that only required him to understand and follow simple instructions in a limited public setting. (*See* Tr. at 243). Those limitations, as well as the

additional restriction limiting "fixed concentration and attention for periods of longer than 30 minutes without the opportunity to briefly refocus for a minute or two and come back to fixed concentrations," were incorporated by the ALJ in his disability determination. (*Id.* at 12G).  To the extent the judge erred in failing to specifically address any other findings made by Dr. Judice, such error is harmless.  *See Alejandro v. Barnhart*, 291 F.Supp.2d 497, 516-17 (S.D. Tex. 2003) (citing cases) (ALJ's failure to specifically reference or discuss particular findings made by state agency medical consultant was harmless error); *Velasquez v. Barnhart*, No. 04-Civ-9017, 2006 WL 3431190 at *4 (S.D.N.Y. Nov. 29, 2006) (remand not required where hearing decision failed to address each and every finding of state agency medical consultant).

2.

Finally, plaintiff contends that the ALJ failed to apply the "special technique" of 20 C.F.R. § 404.1520a in assessing the functional limitations arising from his depression.  The Commissioner employs specialized rules at step two of the sequential evaluation process for determining whether a mental impairment is severe.  First, the ALJ must evaluate the pertinent symptoms, signs, and laboratory findings to determine whether the claimant has a medically determinable mental impairment.  *See* 20 C.F.R. § 404.1520a(b)(1).  If such an impairment exists, the judge must rate the degree of functional limitation resulting from the impairment in four broad areas:  (1) activities of daily living; (2) social functioning; (3) concentration, persistence, and pace; and (4) episodes of decompensation.  *Id.* § 404.1520a(b)(2) & (c)(3).  Here, it is not necessary to examine whether the ALJ correctly applied the specialized rules because he determined that plaintiff's depression was, in fact, severe.  Any error in this regard inured to plaintiff's benefit and does not warrant reversal. *See Benson v. Commissioner*, No. 9-02-CV-57, 2004 WL 3237348 at *4, n.9 (E.D. Tex. Aug. 30, 2004); *see also Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (procedural perfection in

administrative proceedings not required).

## **RECOMMENDATION**

The hearing decision should be affirmed in all respects.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 23, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE